IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAMILY ADVOCACY AND SUPPORT<br>  ASSOCIATION,<br><br>    Plaintiff,<br><br>       v.<br><br>MARTHA B. KNISLEY, Director,<br>  Department of Mental Health of the<br>  District of Columbia, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 05-1161 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION TO DISMISS FEDERAL DEFENDANTS

The federal defendants in the above-captioned action, currently before this Honorable Court on a Motion for a Temporary Restraining Order brought by plaintiffs, hereby move this Honorable Court to dismiss the federal defendants from this action under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim against the federal defendants. The federal defendants in this action are Charles G. Curie, Administrator, Substance Abuse and Mental Health Services Administration (SAMHSA) of the U.S. Department of Health and Human Services (HHS) and Michael O. Leavitt, Secretary, HHS (hereinafter "federal defendants"). Both federal defendants apparently are being sued in their official capacity. See Compl. at ¶¶ 6, 7. As more fully described in the accompanying memorandum, because

the Complaint states no claim against the federal defendants and requests no remedy that may be granted by them, the complaint against the federal defendants should be dismissed.

                                              Respectfully submitted,

                                              _____/s/_____
                                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                              United States Attorney

                                              _____/s/_____
                                              R. CRAIG LAWRENCE, D.C. BAR # 171538
                                              Assistant United States Attorney

                                              _____/s/_____
                                              LAURIE J. WEINSTEIN, D.C. Bar #389511
                                              Assistant United States Attorney
                                              555 4th Street, N.W.   Room E 4820
                                              Washington, DC 20530
                                              (202) 514-7133

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAMILY ADVOCACY AND SUPPORT ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 05-1161 (ESH) ) |
| MARTHA B. KNISLEY, Director, Department of Mental Health of the District of Columbia, et al. | ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FEDERAL DEFENDANTS

The federal defendants in the above-captioned action, currently before this Honorable Court on a Motion for a Temporary Restraining Order brought by plaintiffs, hereby move this Honorable Court to dismiss the federal defendants from this action under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim against the federal defendants. The federal defendants in this action are Charles G. Curie, Administrator, Substance Abuse and Mental Health Services Administration (SAMHSA) of the U.S. Department of Health and Human Services (HHS) and Michael O. Leavitt, Secretary, HHS (hereinafter "federal defendants"). Both federal defendants apparently are being sued in their official capacity. See Compl. at ¶¶ 6, 7. Because the Complaint states no claim against the federal defendants and requests no remedy that may be granted by them, the complaint against the federal defendants should be dismissed.

**Background**

Plaintiff, Family Advocacy and Support Services (FASA), alleges that it is a grantee of the District of Columbia Department of Mental Health (DCDMH), for the purposes of providing community-based services to emotionally disturbed youth in the District of Columbia. DCDMH

was awarded a grant for a program called D.C. Children Inspired Now Gain Strength (D.C. CINGS), which anticipated funding DC CINGS for six-years beginning in 2002. Compl. at 3. According to FASA, DCDMH obtained funds from the federal government in accordance with its application to SAMHSA which indicated that FASA would be a sub-grantee. Id. FASA further alleges that DCDMH has subsequently failed to honor its agreement with FASA and has not funded FASA as agreed in spite of receiving the necessary federal funds to do so. Id. The failure to receive promised funds from DCDMH has led FASA to curtail or cancel its planned services to youth with serious emotional disturbances and their families. Id.

In April of this year, DCDMH submitted a "revised budget" for the D.C. CINGS grant (known as a "continuation application") which FASA alleges eliminates all proposed funding for FASA for Years 3 and 4 of the grant to FASA in spite of the pre-existing agreement between FASA and DCDMH. Id., at 4. This modification of a grant application is currently under review by SAMHSA.

According to the list of stakeholders accompanying the April continuation application, Phyllis Morgan is included and identified at the President of FASA. Attachment B to April 29, 2005 Continuation Application (attached hereto as Exhibit 1). In Attachment D to the April 29, 2005 Continuation Application, FASA is included in a budget line item for $50,000. Id. In a May 18, 2005 revised Application (attached hereto as Exhibit 2), the proposed budget for provider services in Year Four of the grant is not identified by individual provider but provides for an amount of $108,000 to cover the provider network contracts and an additional $108,000 for education, advocacy and training.

**Allegations in Complaint**

The Complaint filed by FASA raises four counts. The first count (Count I) is for deprivation of property without due process. Compl. at 14. In articulating this count, the plaintiff states that it is based on the failure to fund FASA under D.C. CINGS, and on the proposed elimination of FASA from future years of the grant. Id. The specific defendants so charged are not specifically identified. In Count II, plaintiff alleges breach of contract and specifically identifies defendants Knisley, DCDMH, Mayor Williams and Deputy Mayor Graham as responsible for the breach. Id. at 15. In the third count, Count III, plaintiff alleges promissory estoppel against DCDMH. Id. Finally, in Count IV, plaintiff alleges that DCDMH "intentionally and maliciously interfered" with SAMHSA with regard to a previous SAMHSA to FASA grant that is not otherwise the subject of this suit. Id. at 15-16.

In plaintiff's prayer for relief, the plaintiff asks the Court for an order enjoining defendants from eliminating FASA from the DC CINGS project, that plaintiff receive the money previously committed to it by DCDMH, that the District of Columbia defendants perform their contractual obligations with FASA, and other miscellaneous relief as the Court determines.

**ARGUMENT**

Federal defendants should be dismissed from this lawsuit because the Complaint fails to state a claim upon which relief can be granted and fails to establish any grounds at all for action against the federal defendants in this matter. The dispute here is between FASA and DC and the federal defendants have no duty to interfere in that particular relationship. Moreover, even if there were a direct contractual relationship between the federal defendants and FASA, this Court would not have jurisdiction and the case would have to be transferred to the Court of Federal

Claims.  Finally, to the extent that plaintiff argues that the federal defendants would be in error in accepting the grant modification requested by DCDMH, the only recourse for plaintiff would be an action under the Administrative Procedure Act, 5 U.S.C. 701 et seq. (APA) which is not yet ripe.

A motion to dismiss for failure to state a claim can only be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam); Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C.Cir.1985).  For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and all doubt concerning the sufficiency of the claim must be resolved in favor of the pleader. See, e.g., Doe, 753 F.2d at 1102.  In this case, because the claims of the plaintiff, even if true, do not establish a claim against the federal defendants, the complaint as to the federal defendants should be dismissed.

To the extent that plaintiff is suggesting, Compl. at 14, that the federal defendants have a duty to ensure that DCDMH complies with its stated intention of funding FASA with its federal grant money, plaintiff may not challenge the decision of the United States to enforce or not enforce the specific proposals in the DC CINGS grant application.  See Heckler v. Chaney, 470 U.S. 821 (1985) (agency decisions not to undertake enforcement actions are unreviewable).

If this case is seen as a breach of contract or other contractual damages claim against the federal defendants, plaintiff is in the wrong court and should be dismissed for lack of subject matter jurisdiction.  The United States Court of Federal Claims has exclusive jurisdiction over claims against the United States for more than $10,000 "founded either upon the Constitution, or

any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." Compare 28 U.S.C. § 1491 (the "Tucker Act") with 28 U.S.C. § 1346(a)(2) (the "Little Tucker Act").  (Under the Little Tucker Act, district courts have concurrent jurisdiction with the Court of Federal Claims over such claims when the amount sought is less than $10,000).   In this case, plaintiff has identified over $62,000 of possible damages.  See also, Ross v. U.S., 641 F. Supp.368 (D.D.C. 1986).

Nor does the Complaint state a claim under the Administrative Procedure Act.  Under the APA, a case may only be brought against the United States where no other adequate remedy at law exists and only against a final agency action.  In evaluating whether agency action is final for purposes of the APA, the Supreme Court has stated that "the core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." Franklin v. Massachusetts, 505 U.S. 788, 797 (1992). Bennett v. Spear, 520 U.S. 154, 178 (1997) ("the action must mark the consummation of the agency's decisionmaking process  -- it must not be merely tentative or interlocutory in nature" and it "must be one by which rights or obligations have been determined or from which legal consequences will flow.").  See Darby v. Cisneros, 509 U.S. 137, 144 (1993); FTC v. Standard Oil Co., 449 U.S. 232, 241 (1980).  The only issue in federal hands right now is the proposed continuation application of the DCDMH upon which no final agency decision has been reached. See Edwards v. District of Columbia, et al., 628 F. Supp. 333 (D.D.C. 1985) (action against agency not ripe until agency completes decision making process).

Furthermore, judicial review under the APA "does not apply to agency action 'to the extent that . . . (the) action is committed to agency discretion by law." <u>Kletschka v. Driver</u>, 411 F.2d 436, 442 (2d Cir. 1969), citing 5 U.S.C. § 701(a)(2). In <u>Kletschka</u>, the Second Circuit affirmed the District Court's dismissal of a complaint against an agency's decision not to renew a research grant. 411 F.2d at 443-44. That court explained clearly why agency decisions to award or not to award grants was discretionary:

> It would not be feasible for the courts to review decisions by the V.A. awarding or refusing to award research grants. Each such decision involves a determination by the agency with respect to the relative merits of the many proposed research projects for which funds are sought. This determination requires considerable expertise in the scientific, medical, and technical aspects of each application. <u>A reviewing court would have to master considerable technical data before it could even attempt to determine whether one application . . . was so superior to the others that its rejection by the V.A. was an abuse of discretion</u>. Furthermore, even if these technical aspects were mastered it would be difficult for the court to review the judgments of relative personal competence which necessarily play a role in the agency determination. . . . We do not believe it would be practical for the district court to review such a decision, resting on complex and subtle evaluations of the technical merit of plaintiff's project and the professional competence of the plaintiff himself.

<u>Kletschka</u>, 411 F.2d at 443 (emphasis supplied). The principle set forth in <u>Kletschka</u> applies with equal force in this case. The federal defendants "may" provide grant money to state or local government entitities under 42 U.S.C. §290ff but there is no requirement that such grants be issued. 42 U.S.C. § 290ff, 1-4. There are requirements that the grant applicant must meet, <u>see id.</u>, but the decision of the Secretary of HHS to issue or withhold a grant is a discretionary action.

6

**Conclusion**

Therefore, because the allegations in the complaint do not establish a claim against the federal defendants, federal defendants should be dismissed from this suit.

                                              Respectfully submitted,

                                              _____/s/_____
                                              KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                              United States Attorney


                                              _____/s/_____
                                              R. CRAIG LAWRENCE, D.C. BAR # 171538
                                              Assistant United States Attorney


                                              _____/s/_____
                                              LAURIE J. WEINSTEIN, D.C. Bar #389511
                                              Assistant United States Attorney
                                              555 4th Street, N.W.   Room E 4820
                                              Washington, DC 20530
                                              (202) 514-7133