IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAMILY ADVOCACY AND SUPPORT ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) MARTHA B. KNISLEY, Director, Department ) Of Mental Health of the District of Columbia, *et al.*, ) ) Defendants. ) ) | Civil Action No. 05-1161 (ESH) |

**PLAINTIFF'S REPLY TO DISTRICT DEFENDANTS' OPPOSITION
TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO DISMISS**

FASA has applied for a temporary restraining order to prevent the federal defendants[1] from approving a request by the District defendants[2] that effectively would eliminate funding for FASA in Year Three and Year Four of the D.C. CINGS project, and to prevent the District defendants from continuing to withhold Year Three funding from FASA for projects already performed and to be performed this summer. FASA alleges that it has an enforceable property interest and a contractual right to this funding, that the District defendants' actions, which have not been preceded by notice or hearing, violate the Due Process Clause of the Fifth Amendment and are in breach of contract, and that, if the District defendants' actions are approved by the federal defendants, FASA and the children and families it serves will suffer irreparable injury.

The District defendants oppose FASA's application principally on the theory that, under the District of Columbia Procurement Practices Act ("PPA"), D.C. Official Code § 2-301.01,

---

[1] The "federal defendants" are Charles G. Curie, Administrator of SAMHSA; SAMHSA itself; Michael O. Leavitt, Secretary of HHS; and HHS itself.

FASA has no contractual right to the funding at issue and, therefore, no enforceable property interest in that funding. Accordingly, the District defendants argue that FASA is not entitled to notice and hearing prior to the termination of such funding. Alternatively, the District defendants claim that DMH has given FASA adequate notice of its actions and that FASA will not be irreparably harmed as a result of those actions.[3] The federal defendants move to dismiss on the theories that FASA has not stated a claim against them, that any contract claim against them can be heard only in the Court of Federal Claims, and that, in any event, no claim against them under the Administrative Procedure Act ("APA") is cognizable until they have taken "final" action against FASA.

As FASA shall demonstrate, the District defendants' contentions have no merit. First, the District's PPA, by its express terms, does not apply to sub-grant agreements, such as the one between DMH and FASA. Therefore, the District defendants cannot defeat FASA's enforceable property interest in and contract right to the funding at issue on the basis of the PPA. Second, the documents upon which the District defendants rely to support their notice argument concern questions DMH raised about FASA's funding for *Year One* of the D.C. CINGS project, which ran from October 1, 2002, through September 30, 2003. Those questions were resolved by the parties, as proven by the fact that DMH fully (although belatedly) funded FASA for *Year Two* of the project, which ran from October 1, 2003, through September 30, 2004. In contrast, the present case concerns DMH's failure to fund FASA for *Year Three* (the current year) of the project, which runs from October 1, 2004, through September 30, 2005. DMH has not given FASA *any* notice or opportunity to be heard about its planned cut-off of all funds for this year.

---

[2]   The "District defendants" are Martha B. Knisley, Director of DMH; DMH itself; Mayor Williams; and Deputy Mayor Graham.

2

Similarly, the federal defendants' contentions have no merit. First, FASA has alleged that the federal defendants have the authority and power to deny DMH's request to terminate FASA's funding in Years Three and Four of the D.C. CINGS project and, as DMH acknowledged during the telephone conference held with the Court on June 9, 2005, DMH cannot effectuate such a termination with the federal defendants' approval. For that reason alone the federal defendants are proper defendants in this case. Second, FASA is not making a claim for contract damages against the federal defendants, which would be cognizable in the Court of Federal Claims, but is making a claim for equitable relief, which is cognizable in this Court and which is not a valid basis for the jurisdiction of the Court of Federal Claims. Third, this Court is clearly authorized to grant such equitable relief even before the federal defendant take final action against FASA.

## ARGUMENT

### I.   This Court Has Subject Matter Jurisdiction

The first count in FASA's complaint is that the District defendants have deprived it of property without prior notice and an opportunity to be heard, in violation of the Due Process Clause of the Fifth Amendment. Because this claim "arises under" the Constitution, this Court has subject matter jurisdiction over it under 28 U.S.C. § 1331. *See, e.g., United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004).

Nevertheless, the District defendants make a threshold argument that FASA's claims "are not substantial enough" to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1331, and that FASA raises essentially "local" claims over which the Court should not exercise

---

[3]   Ironically, over the past week DMH representative have repeatedly contacted FASA and urged it to commit to participation in D.C. CINGS project meetings, despite the fact that DMH persists in refusing to fund FASA for Year Three of the sub-grant agreement.

supplemental jurisdiction under 28 U.S.C. § 1367. Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Application for a Temporary Restraining Order ("D.C. Mem.") at 5-7. They rely primarily on *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 296 (D.C. Cir. 2000), where the District of Columbia Circuit held that a district court should decline to exercise supplemental jurisdiction over state claims that "substantially predominate" over federal claims. *Id.* at 5-6.

But the Supreme Court has made clear that a claim "arises under" the Constitution within the meaning of 28 U.S.C. § 1331 if a right or immunity created by the Constitution is an essential element of plaintiff's "well-pleaded" complaint. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163-164 (1997). A federal court may decline to exercise subject matter jurisdiction over a federal claim only if it "'clearly appears to be immaterial'" or is "'wholly insubstantial and frivolous.'" *Kleiman v. Dep't of Energy*, 956 F.2d 335, 339 (D.C. Cir. 1992) (quoting from *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Thus, in *Barwood*, the District of Columbia Circuit held that federal question jurisdiction was lacking because plaintiff's complaint contained "no allegations of federal constitutional violations independent of the purported violations of District of Columbia law," relief was requested "almost exclusively on the basis of violations of District of Columbia law," and the purported federal claim was added as an afterthought and was merely "a state law claim in federal garb." 202 F.3d at 292, 294. Here, in contrast, the first count of FASA's well-pleaded complaint sets forth a substantial, independent federal claim based on a deprivation of property without due process of law. Therefore, this court has subject matter jurisdiction under 28 U.S.C. § 1331. *See City of Chicago*, 522 U.S. at 163-64; *Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 921 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1196 (1997).

## II. FASA Is Likely to Succeed on the Merits

FASA demonstrated in its application that based on the approved D.C. CINGS project application, the sub-grant agreement between DMH and FASA, the correspondence from Ms. Knisley, and the dealings between the parties, that FASA has a protected property interest in, and a contract right to, sub-grant funding from DMH. The District defendants' only response to this argument is to claim, under the District of Columbia Procurement Practices Act, that no contract right can exist. But this entire body of law is inapplicable to the present case by its own terms, for within the first section of the PPA, there is an explicit restriction that the PPA "shall not apply to a contract or agreement receiving or making grants-in-aid or for federal financial assistance." DC Code § 2-301.04(b). The sub-grant agreement between FASA and DMH clearly makes a grant-in-aid from DMH to FASA. Accordingly, the arguments made by the District defendants concerning the District of Columbia Procurement Practices Act – including the exclusive jurisdiction of the Contract Appeals Board, the need for a signed contract, questions of excess of authority by DC officers, the unavailability of promissory estoppel where there is an "illegal contract," and termination for the convenience of the government – are all entirely inapposite to the situation at issue in the instant case, and accordingly carry no weight whatsoever.[4]

## III. FASA Did Not Receive Notice or an Opportunity to Be Heard Regarding DMH's Termination of Year Three Funding

Although the District defendants intimate that FASA receive notice of termination of its funding, the documentary evidence cited by the District defendants disproves their own assertions. FASA did receive notice from DMH concerning the suspension of its payments for

---

[4] The District defendants also challenge FASA's promissory estoppel claim based on their erroneous application of the PPA, and their argument on this point is therefore unavailing.

5

*Year Two* of the sub-grant agreement, based upon DMH's stated accounting concerns about *Year One* funding. As is clear upon examination, the correspondence between FASA and DMH that is cited by the District defendants raised accounting questions limited to Year One funding. *See* D.C. Mem. Ex. 2 (requesting that FASA "forward all quarterly financial reports *covering the period October 1, 2002 through September 30, 2003*") (emphasis added); D.C. Mem. Ex. 3, at 1 (report sent by FASA "covered the period October 1, 2002 to September 30, 2003"); D.C. Mem. Ex. 4 (noting that D.C. CINGS project director "forwarded the financial expense documents that you sent to me *for FASA's Year One D.C. CINGS grant award* to the DMH Internal Auditor") (emphasis added). As it happens, FASA was victim of unscrupulous treasurer, who absconded with many of its receipts and documents. FASA explained to DMH that this was the primary reason why it was unable to provide requested documentation.

It is true that DMH informed FASA that it would not make any payment for *Year Two* of the sub-grant agreement "until the issues and concerns [concerning accounting] are resolved and a plan of corrective action ... is in place." D.C. Mem. at Ex. 4. Yet any connection between these accounting questions and DMH's failure to pay FASA its funding allocated for *Year Three* of the sub-grant is belied by the fact that with this proviso in place, DMH subsequently paid FASA its contractual allocation for Year Two of the sub-grant. DMH's payment of funds for Year Two of the sub-grant demonstrated that any accounting concerns were resolved. Nothing that DMH said during the entire exchange with FASA has anything to do with Year Three funding, which is the subject of this lawsuit. Therefore, FASA's assertion that it has received no notice or opportunity to be heard before termination of *Year Three* funding remains unrefuted by District defendants.

## IV. The District Defendants Fail to Respond to FASA's Extensive Allegations of Irreparable Harm to DC Children and Families

It is disappointing to read the opposition papers filed by the District defendants, and to realize that in denying that FASA has shown any imminent irreparable harm, the District defendants still do not understand the need for services for DC special needs children and their families. The District somehow concludes that "Plaintiff alleges chiefly its own financial injuries," D.C. Mem. at 16, and ignores entirely the imminent irreparable harm actually pleaded by FASA, namely that the cancellation of FASA's programs, especially its summer program, poses a risk to the ongoing progress that the children whom FASA serves have made through their participation in FASA's programs. *See* Pl.'s Mem. at 9-11. In the absence of injunctive relief, FASA will be unable to provide its services to at-risk DC children and their parents, and may be forced to close its operations. *See* Supp. Decl. of Phyllis Morgan (annexed). The real injury caused by the forced curtailment of FASA's programs – due to DMH's failure to make its contractual allocations – has been, and will continue to be, borne by the children and parents whom FASA has served over nearly twenty years.

## V. FASA Has Stated Cognizable Claims Against the Federal Defendants

The federal defendants state that no claim has been stated against them. Yet FASA stated in its Complaint that if SAMHSA approves DMH's Continuation Application to eliminate FASA from the D.C. CINGS project, FASA would be forced to cease operations. Compl. ¶ 37. In this circumstance, DMH does not have the unilateral power to terminate funding for FASA in Year Three of the D.C. CINGS project. It may do so only if SAMHSA approves its request to terminate such funding. Where, as here, FASA cannot obtain the equitable relief it seeks unless the federal defendants are brought into this case, they are proper parties. *See Peralta v. United*

*States Atty's Office*, 69 F.Supp.2d 21, 27 (D.D.C. 1999) (district court *sua sponte* joined the Executive Office for United States Attorneys and the FBI as defendants because "complete relief … cannot be granted unless they are brought in as formal defendants").

Although the federal defendants argue that any claim brought against them belongs in the Court of Federal Claims, that court clearly lacks jurisdiction to hear this matter. Where a plaintiff seeks reimbursement for expenditures, this constitutes equitable relief, and not money damages. *See Alabama v. Bowsher*, 734 F.Supp. 525, 553 n.10 (D.D.C. 1990) (citing *Bowen v. Mass.*, 487 U.S. 879, 909 (1988)). The Court of Federal Claims does not have the power to grant equitable relief, *United States v. King*, 395 U.S. 1, 3 (1969), and it "lacks jurisdiction over claims brought under the Due Process Clauses of the Fifth and Fourteenth Amendments." *Hauschild v. United States*, 53 Fed.Cl. 134, 145 (Fed. Cl. 2002).

Finally, although SAMHSA argues that that until final agency action, FASA could not bring a claim under the APA, this court has the authority to preserve the *status quo* pending the outcome of this litigation. The All Writs Act, 28 U.S.C. § 1651(a), provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The District of Columbia Circuit made clear that "if a court may eventually have jurisdiction of the substantive claim, the court's incidental equitable jurisdiction … gives the court authority to impose a temporary restraint in order to preserve the status quo pending ripening of the claim for judicial review." *Wagner v. Taylor*, 836 F.2d 566, 571 (D.C. Cir. 1987). The Circuit later added that even where administrative exhaustion is required by statute, "district courts retain jurisdiction to grant interim injunctive relief where plaintiffs face either irreparable injury or imminent retaliation." *Jackson v. District of Columbia*, 254 F.3d 262, 267 (D.C. Cir. 2001) (also quoting *Wagner* with approval). It is thus established

law that this court has the authority to grant injunctive relief to preserve the *status quo* even if FASA has not exhausted any administrative remedies that may be required.

## CONCLUSION

For the foregoing reasons, FASA requests that this court grant it injunctive relief ordering the District defendants to disburse to FASA $37,500, within three days of such order, for services rendered under the D.C. CINGS project and the sub-grant agreement between FASA and DMH from October 1, 2004 through June 30, 2005, and ordering the federal defendants to refrain from approving the D.C. CINGS Continuation Application submitted on April 28, 2005, until FASA has had notice and an opportunity to be heard concerning the termination of its funding.

Respectfully submitted,

*[signature]*

Neil H. Koslowe (D.C. Bar # 361792)
Cynthia P. Abelow (D.C. Bar # 488206)[*]
Christopher J. Le Mon
    (D.C. Bar Admission Pending)[*]

SHEARMAN & STERLING LLP
801 Pennsylvania Avenue NW, Suite 900
Washington, DC 20004
Telephone:  (202) 508-8000
Facsimile:  (202) 508-8100

*Attorneys for Plaintiff*

Dated: June 17, 2005

---

[*] This court granted motions for the admission of Ms. Abelow and Mr. Le Mon *pro hac vice* to appear on behalf of Plaintiff Family Support and Advocacy Association in this case.