IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAMILY ADVOCACY AND SUPPORT ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 05-1161 (ESH) ) |
| MARTHA B. KNISLEY, Director, Department of Mental Health of the District of Columbia, et al. | ) ) ) ) |
| Defendants. | ) ) ) |

### REPLY IN SUPPORT OF MOTION TO DISMISS FEDERAL DEFENDANTS

The federal defendants in the above-captioned action, currently before this Honorable Court on a Motion for a Temporary Restraining Order brought by plaintiffs, have moved this Honorable Court to dismiss the federal defendants from this action under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim against the federal defendants.[1]  Because the Complaint states no claim against the federal defendants and requests no remedy that may be granted by them, the complaint against the federal defendants should be dismissed.  Plaintiff's have now filed an opposition to the federal defendants' motion to dismiss ("Plaintiff's Reply to District Defendants' Opposition to Application for Temporary Restraining Order and Plaintiff's Opposition to Federal Defendant's Motion to Dismiss" hereinafter Plaintiff's Opposition) and

---

[1]The federal defendants in this action are Charles G. Curie, Administrator, Substance Abuse and Mental Health Services Administration (SAMHSA) of the U.S. Department of Health and Human Services (HHS) and Michael O. Leavitt, Secretary, HHS (hereinafter "federal defendants").  Both federal defendants apparently are being sued in their official capacity.  See Compl. at ¶¶ 6, 7.

this is the federal defendants' reply.  Only the issues relating to the federal defendants are addressed here.

In Plaintiff's Opposition, plaintiff argues that the federal defendants have some responsibility to plaintiff regarding the federal approval of the Continuation Application submitted by DC DMH.  This argument is not supported by any citation to law or regulation.  In fact, it is clear that the federal defendants have no duty to plaintiff to interfere with its relationship with the District government.  Under the "Uniform Administrative Requirements for Grants and Cooperative Agreements to State, Local and Tribal Governments" (45 C.F.R Subtitle A), the grantees of the federal government need only gain approval from the federal defendants in situations where the grantee 1) is requesting additional funding, 2) is making cumulative transfers among "separately budgeted programs, projects, functions or activities" which exceed ten percent of the approved budget, or 3) is transferring funds for training to other expense categories.  45 C.F.R. § 92.30 (c).  See also, 45 C.F.R. § 92.30(e) (grantee need only obtain approval for the changes identified in 45 C.F.R. § 92.30(c)).  In this situation, the Continuation Application does appear to transfer funds among different budget components but the Application on its face does not support plaintiff's claim that the approval of the Application would prohibit DCDMH from funding plaintiff.  Plaintiff has not identified what part of the Application so provides.

Furthermore, 45 C.F.R. § 92.36 (b)(11), provides:

Grantees and subgrantees alone will be responsible, in accordance with good administrative practice and sound business judgment, for the settlement of all contractual and administrative issues arising out of the procurements. . . . Federal agencies will not substitute their judgment for that of the grantee or subgrantee

> unless the matter is primarily a Federal concern. Violations of law will be referred to the local, State or Federal authority having proper jurisdiction.

45 C.F. R. § 92.36(b)(11). Plaintiff has offered no support for a claim that its dispute with DCDMH is actually a Federal claim. Therefore, the matter is solely one to be resolved between plaintiff and the District defendants.

Not only has plaintiff failed to establish any duty of the federal defendants to plaintiff with regard to the DC CINGS grant, but the cases cited in Plaintiff's Opposition do not require a different conclusion. For example, plaintiff cites Wagner v. Taylor, 836 F. 2d 566 (D.C. Cir. 1987), for the proposition that a court need not wait for the exhaustion of remedies before entering injunctive relief. Plaintiff fails to note, however, that in Wagner, the subject is a Title VII complaint in which the plaintiff there wanted the court to address ongoing issues of retaliation that had not been exhausted under Title VII. The court did already have, however, legitimate jurisdiction over the original employment complaint. No such originally existing jurisdiction exists here. Nor does the court's holding in Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001), establish that the court may exercise "incidental equitable jurisdiction" where there is no showing that the court may subsequently have jurisdiction of a substantive claim. Id. at 268. In fact, in Jackson, the plaintiffs had not exhausted and did not establish jurisdiction in the court.

Further, while plaintiff may be correct that it is seeking equitable relief and not money damages from the federal defendants, it has have not established that any basis for the equitable relief exists. In State of Alabama v. Bowsher, 734 F. Supp. 525 (D.D. C. 1990), the court

determined that a legal or contractual relationship between the parties actually existed.  No such finding has been, or could be, made in this case.   Similarly, relying on the All Writs Act, 28 U.S.C. § 1651(a),  is mistaken because that Act does not confer jurisdiction in the absence of an underlying claim over which the court does have jurisdiction.  See 28 U.S.C. § 1651 (a) ("in aid of jurisdiction").  Furthermore, the authority under the All Writs Act is:

> used " 'sparingly and only in the most critical and exigent circumstances.' " Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, . . . (1986) (SCALIA, J., in chambers) (quoting *4 Fishman v. Schaffer, 429 U.S. 1325, . . .(1976) (Marshall, J., in chambers)).  It is only appropriately exercised where (1) "Necessary or appropriate in aid of [our] jurisictio[n]," 28 U.S.C. §1651(a), and (2) the legal rights at issue are "indisputably clear," Brown v. Gilmore, 533 U.S. 1301, . .  (2001) (REHNQUIST, C.J., in chambers).

Wisconsin Right to Life, Inc. v. Federal Election Comm'n, 125 Sup. Ct. 2, 3 (2004).  The legal rights of plaintiff against the federal defendants here are not "indisputably clear" nor is the court's use of the Writ in this case necessary or appropriate to aid the court's jurisdiction.

Finally, plaintiff's reliance on Peralta v. U.S. Atty's Office, 69 F. Supp.2d 21 (D.D.C. 1999), to ask the Court to join the federal defendants to this action is also misplaced.  In Peralta, a Freedom of Information Act (FOIA) matter, the court joined two additional components of the U.S. Department of Justice to ensure that a response to plaintiff's FOIA request would be appropriately handled.   This is no way supports the addition of federal defendants to a lawsuit against the District of Columbia.

Therefore, for the above reasons, plaintiff's complaint against the federal defendants should be dismissed with prejudice.

                Respectfully submitted,

          /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


          /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


          /s/
LAURIE J. WEINSTEIN, D.C. Bar #389511
Assistant United States Attorney
555 4th Street, N.W.   Room E 4820
Washington, DC 20530
(202) 514-7133